IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DWAYNE H. SMITH                                                              PETITIONER

vs.                                    CASE NO. **4:01CV00085GH**
                                                **4:95CR00019**

UNITED STATES OF AMERICA                                          RESPONDENT

## ORDER

On June 3, 1996, a jury found petitioner guilty of aiding and abetting an interstate murder-for-hire in violation of 18 U.S.C. § 1958 (a) and 2. He was sentenced on December 11, 1996, to life imprisonment. He appealed his conviction to the Eighth Circuit Court of Appeals, which affirmed his conviction on August 8, 1997. *United States v. Davidson*, 122 F.3d 531 (8th Cir. 1997).

On June 21, 1999, the Court granted petitioner's motion for post-conviction relief under 28 U.S.C. § 2255. The Court found that petitioner's trial counsel had provided ineffective assistance of counsel in failing to argue that petitioner should be sentenced under the version of section 1958 in effect at the time the offense was committed, which authorized a sentence for any term of years or for life, rather than the subsequent amendment which provided for life imprisonment when death results.

Petitioner was resentenced to life imprisonment. He appealed that sentence to the Eighth Circuit Court of Appeals, which affirmed the Court's judgment. *United States v. Smith*, 232 F. 3d 650 (8th Cir. 2000). Petitioner then filed another motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255.

The Court, on June 10, 2001, entered judgment denying the § 2255 motion.

Petitioner has now filed a motion to recall the mandate, stating that his sentence was unconstitutionally enhanced.  There is no basis for recalling the mandate or reconsidering the Order denying the § 2255 motion.   The Court previously addressed, and found without merit, petitioner's assertion that there was no interstate commerce nexus. Petitioner's arguments regarding racial discrimination in jury selection should have been raised in the original petition, and petitioner is precluded from raising them now.   Furthermore, any arguments based on *United States v. Booker*, 125 S. Ct. 738 (2005) are barred because *Booker* is not applicable to criminal convictions that became final before *Booker*.  *Never Misses a Shot v. United States*, 413 F. 3d 781, 783 (8th Cir. 2005).

Accordingly, the motion for reconsideration and to recall the mandate (document no. 5) is denied.

IT IS SO ORDERED this 11th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE